UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 21-44166

GABRIELLE BORDEN,  Chapter 7

        Debtor.  Judge Thomas J. Tucker

_____/

**ORDER DENYING DEBTOR'S MOTION TO REOPEN THIS CASE,
BUT WAIVING MOTION FILING FEE**

On May 12, 2021, the Debtor filed a voluntary petition for relief under Chapter 7, commencing this case. On August 10, 2021, the Court entered an order granting the Debtor a discharge under 11 U.S.C. § 727, and on August 13, 2021, the bankruptcy case was closed. But then on August 30, 2021, the Debtor filed a motion to reopen the case, entitled "Ex-Parte Motion for Order to Reopen the Case to Allow the Filing of a Reaffirmation Agreement and Temporary Waiver of Fee to Reopen Case" (Docket # 17, the "Motion").

The Motion seeks to reopen the case so that the Debtor can file a reaffirmation agreement. A copy of the reaffirmation agreement at issue is attached to the Motion. It appears to have been signed by the Debtor on June 17, 2021, but it is not signed by the creditor, Capital One Auto Finance (the "Creditor"). The Motion alleges that the Debtor and the Creditor agreed on the terms of the reaffirmation agreement on June 17, 2021, and that the Debtor signed it that day. The Motion further states, in part: "[s]ince the reaffirmation agreement was signed by the Debtor well before the discharge, and the terms remain unchanged, there was and is a meeting of the minds. Counsel asks this Court to allow the case to be reopened for the sole purpose of filing this agreement." (Mot. at ¶ 12.)

The Motion will be denied, for the following reasons.

Under 11 U.S.C. § 524(c)(1), a reaffirmation agreement is not enforceable unless it "was made before the granting of the discharge under section 727." Once the discharge order has been entered, it is too late to make an enforceable reaffirmation agreement. *See In re Hounshell*, 627 B.R. 884, 885 (Bankr. E.D. Mich. 2021); *In re Hoffman*, 582 B.R. 181, 183 (Bankr. E.D. Mich. 2018); *In re Vozza*, 569 B.R. 686, 687 (Bankr. E.D. Mich. 2017); *In re Jenerette*, 558 B.R. 189, 191 (Bankr. E.D. Mich. 2016); *In re Herrera*, 380 B.R. 446, 449-55 (Bankr. W.D. Texas 2007) and cases cited therein. And a reaffirmation agreement is not "made" until there is a written agreement signed by both the debtor and the creditor. As this Court has explained,

> [A] reaffirmation agreement is not "made," within the meaning of 11 U.S.C. § 524(c)(1), until the written reaffirmation agreement is signed by both the debtor and the creditor. *See In re Siegal*, 535 B.R. 5, 13 (Bankr. D. Mass. 2015) (quoting *In re Salas*, 431 B.R. 394, 396 (Bankr. W.D. Tex. 2010) (citing *In re Herrera*, 380 B.R. 446, 450–51 (Bankr. W.D. Tex. 2007); *Whitehouse v. LaRoche*, 277 F.3d 568, 574 (1st Cir. 2002); Lichtenstein v. Barbanel, 161 Fed.Appx. 461 (6th Cir. 2005); *In re Turner*, 156 F.3d 713, 718 (7th Cir.1998); *Lee v. Yeutter*, 917 F.2d 1104, 1106 n. 3 (8th Cir.1990); *Republic Bank of Ca. v. Getzoff* (*In re Getzoff*), 180 B.R. 572, 574–75 (9th Cir. B.A.P. 1995); *and Schott v. WyHy Fed. Credit Union* (*In re Schott*), 282 B.R. 1, 7 ([B.A.P.10th Cir.] 2002)) (" 'Made' means signed by the parties to the agreement."); *see also In re Golladay*, 391 B.R. 417, 422 n.1 (Bankr. C.D. Ill. 2008).
>
> One of the reasons why this is so is because under § 524 every reaffirmation agreement must be in writing, and a written agreement is not made until both sides sign it. Until that occurs, the parties have only, at most, an *oral* agreement. And an *oral* reaffirmation agreement is not enforceable under § 524(c).

*Jenerette*, 558 B.R. at 191 (footnote omitted).

In this case, the Motion does not show that the Debtor and the Creditor made the

reaffirmation agreement at issue before the discharge order was entered. The Debtor signed the agreement before discharge. But the Motion does not allege that the Creditor signed the reaffirmation agreement before the discharge was entered, or that the Creditor has signed the agreement even as of now. And the copy of the reaffirmation agreement attached to the Motion is not signed by the Creditor.

For these reasons, there can be no enforceable reaffirmation agreement between these parties in this bankruptcy case, and no purpose would be served by reopening this case.

Accordingly,

IT IS ORDERED that to the extent the Motion requests a waiver of the filing fee to file the motion to reopen, it is granted.

IT IS FURTHER ORDERED that in all other respects, the Motion (Docket # 17) is denied.

**Signed on August 31, 2021**

/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge